[902 NYS2d 457]

In the Matter of WALTER J. BURKARD, an Attorney, Respondent.

Fourth Department, June 11, 2010

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Paul G. Ferrara*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct, including neglecting client matters, failing to refund unearned fees, intentionally failing to carry out a contract of employment and intentionally prejudicing the interests of a client. Respondent filed an answer admitting the factual allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admitted that he neglected the matters of numerous clients, failed to refund unearned fees in a timely manner, failed to enter into written retainer agreements in domestic relations matters, failed to participate in the fee arbitration process, failed promptly to deliver the property of one client despite numerous requests for such property by that client, and failed to comply with attorney registration requirements. Finally, respondent admitted that he has not satisfied arbitration awards rendered in favor of two clients.

We conclude that respondent has violated the following disciplinary rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve fee disputes in civil matters by arbitration at the election of a client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned; and,

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We decline to sustain the charged violations of DR 7-101 (a) (2) and (3) (22 NYCRR 1200.32 [a] [2], [3])—intentionally failing to carry out a contract of employment entered into with a client for professional services, and intentionally prejudicing or damaging a client during the course of the professional relationship. The admissions of respondent do not establish that he acted with the requisite intent to sustain those charged violations.

We have considered the matters submitted by respondent in mitigation, including that he has a previously unblemished record and has taken steps to ensure that the misconduct does not recur. Additionally, we have considered the submission of respondent that he suffered from health problems and family difficulties during the time period in which he committed the misconduct. Finally, we have considered respondent's expression of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured. Additionally, respondent is directed to satisfy the fee arbitration awards that have been rendered in favor of his clients in accordance with the order entered herewith.

SCUDDER, P.J., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of censure entered.